UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-25137-GAYLES/OTAZO-REYES

LEONARDO TUNDIDOR,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Leonardo Tundidor's ("Plaintiff" or "Tundidor") Omnibus Motion in Limine (hereafter, "Plaintiff's Motion in Limine") [D.E. 92] and Defendant Carnival Corporation's ("Defendant" or "Carnival") Omnibus Motion in Limine (hereafter, "Defendant's Motion in Limine") [D.E. 96].  The case has been referred to the undersigned by the Honorable Darrin P. Gayles, United States District Judge, "for a ruling on all pre-trial, non-dispositive matters and a report and recommendation on all dispositive matters."  See Paperless Order Referring Case [D.E. 142].  The undersigned held a hearing on these matters on January 10, 2023 (hereafter, "Hearing").  For the reasons stated below, the undersigned respectfully recommends that Plaintiff's Motion in Limine be GRANTED IN PART and Defendant's Motion in Limine be GRANTED IN PART.

## PROCEDURAL AND FACTUAL BACKGROUND

On December 13, 2019, Plaintiff commenced this maritime personal injury action against Defendant alleging that he sustained a slip-and-fall accident while he was a passenger aboard Defendant's vessel *Sensation*.  See Compl. [D.E. 1].  In his Second Amended Complaint, Plaintiff alleges that, on January 16, 2019, while participating in the "Carnival

Quest" scavenger hunt game organized by Defendant, he slipped and fell on slippery flooring in the Plaza Aft Lounge on Deck 9 of the *Sensation* and suffered injuries, including a severe ankle fracture that has required multiple surgeries. See Sec. Am. Compl. [D.E. 47 at 2–3]. Based on these allegations, Plaintiff asserts the following claims against Defendant: (1) direct negligence for selecting and using dangerous flooring; (2) direct negligence regarding the "Carnival Quest" game; and (3) vicarious liability regarding the "Carnival Quest" game. Id. at 5–15.

On November 23, 2022, Plaintiff and Defendant filed their respective Motions in Limine [D.E. 92, 96], wherein Plaintiff seeks to exclude ten (10) categories of evidence and Defendant seeks to exclude nineteen (19) categories of evidence, as discussed below. On December 12, 2022, Defendant filed its Response in Opposition to Plaintiff's Motion in Limine (hereafter, "Defendant's Response") [D.E. 116]; and Plaintiff filed his Response in Opposition to Defendant's Motion in Limine (hereafter, "Plaintiff's Response") [D.E. 120]. On December 19, 2022, Plaintiff filed a Reply in Support of his Motion in Limine (hereafter, "Plaintiff's Reply") [D.E. 128].

## APPLICABLE LAW

"The real purpose of a motion *in limine* is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial." Fagundez v. Louisville Ladder, Inc., No. 10-23131-CIV, 2012 WL 253214, at *1 (S.D. Fla. Jan. 26, 2012) (citation omitted). "A court has the power to exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id.

Rule 401 of the Federal Rules of Evidence ("Rule 401") provides:

Evidence is relevant if:

    (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

    (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401.

Additionally, Rule 403 of the Federal Rules of Evidence ("Rule 403") provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Fed. R. Evid. 403.

## DISCUSSION

### A. Plaintiff's Motion in Limine

Plaintiff seeks to exclude the following categories of evidence:

1. Speculative evidence and argument that the Plaintiff's future medical expenses might in the future be payable by "collateral sources", e.g., the government or insurance ("Category 1");

2. Speculative evidence and argument that the Plaintiff's outstanding, unpaid past medical bills might in the future be voluntarily reduced by the providers themselves ("Category 2");

3. Plaintiff's earnings, taxes, and certain employment history ("Category 3");

4. Opinions and arguments that Plaintiff "assumed the risk" ("Category 4");

5. Expert opinions on the credibility of other witnesses ("Category 5");

6. Improper impeachment under Federal Rule of Evidence 609 on cross-examination ("Category 6");

7. Previous *Daubert* rulings against the parties' experts ("Category 7");

8. Judicial criticisms of experts in previous, unrelated cases ("Category 8");

9. Misleading and unsubstantiated suggestions or insinuations of collusion or fraud by Plaintiff, his counsel, or witnesses ("Category 9"); and

3

    10. Leading questions by defense counsel on cross-examination of Defendant's Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") designees called in Plaintiff's case ("Category 10").

See Plaintiff's Motion in Limine [D.E. 92].

    At the Hearing, the parties acknowledged that the record does not include any of the following items of evidence: collateral source evidence (Category 1); evidence that Plaintiff's unpaid past medical bills might in the future be voluntarily reduced by his providers (Category 2); evidence of prior convictions (Category 6); or evidence of fraud or collusion (Category 9). Also at the Hearing, Defendant conceded that it will not argue assumption of risk on the part of Plaintiff at trial (Category 4); and Plaintiff conceded that, insofar as Defendant's expert, Dr. Zdenek (Zed) Hejzlar, purported to opine about the credibility of other witnesses in his expert report (Category 5), that matter has already been addressed by the undersigned's *Daubert* Order in this case [D.E. 149]. Accordingly, the undersigned recommends that Plaintiff's Motion in Limine be denied as moot with respect to Categories 1, 2, 4, 5, 6, and 9.

    As to Category 3, Plaintiff argues that "[g]iven that [P]laintiff has dropped any claim for lost wages or loss of earning capacity, the Court should preclude the defense from delving into [whether Plaintiff] may have gotten fired by someone in the past, or his tax information, or any other irrelevant details from his previous employers." See Plaintiff's Motion in Limine [D.E. 92 at 6]. To the extent that Plaintiff's tax information directly bears on his withdrawn claim for lost wages, the undersigned agrees that this evidence should be excluded. However, Defendant is not wholly foreclosed from using Plaintiff's employment records as impeachment evidence at trial under appropriate circumstances. See, e.g., Johnson v. J.C. Penney Corp., Inc., No. CV-13-S-1088-NE, 2015 WL 1492184, at *1 (N.D. Ala. Mar. 31, 2015) (permitting the defendant to present "evidence of [the] plaintiff's prior employment

4

history in order to impeach [the] plaintiff, if necessary"). Therefore, the undersigned recommends that Plaintiff's Motion in Limine be granted in part as to Category 3, with the proviso that Defendant may use Plaintiff's employment records as impeachment evidence at trial under appropriate circumstances.

As to Categories 7 and 8, Plaintiff argues that Defendant should not be permitted to introduce evidence of previous *Daubert* rulings against Plaintiff's experts or judicial criticisms of Plaintiff's experts from unrelated cases. See Plaintiff's Motion in Limine [D.E. 92 at 8–9]. In response, Defendant aptly contends that it "should not be precluded from cross-examining Plaintiff's experts regarding prior rulings if they open the door to such questioning". See Defendant's Response [D.E. 116 at 5]. Therefore, the undersigned recommends that Plaintiff's Motion in Limine be granted as to Categories 7 and 8, unless Plaintiff opens the door to such rulings and criticisms at trial.

Finally, as to Category 10, Plaintiff seeks a ruling prohibiting Defendant from asking leading questions of its own Rule 30(b)(6) designees while cross-examining them during Plaintiff's case-in-chief. See Plaintiff's Motion in Limine [D.E. 92 at 13]. Given the unknown scope of Defendant's anticipated cross-examination of its own Rule 30(b)(6) designees at this juncture, the undersigned recommends that ruling on Category 10 be deferred to trial.

**B. Defendant's Motion in Limine**

Defendant seeks to exclude the following categories of evidence:

1. Evidence and argument regarding unauthenticated, irrelevant, and unduly prejudicial YouTube videos ("Category 1");

2. Evidence regarding prior incidents as Tundidor cannot demonstrate substantial similarity ("Category 2");

3. Generalized evidence and testimony regarding the risk of slipping and falling on wet floors in other locations on Carnival's other ships ("Category

5

3");

4. Evidence or argument that prior opinions from Plaintiff's expert, Mr. Frank Fore, provided in other cases is evidence of notice ("Category 4");

5. Plaintiff's treating physicians offering any expert opinions that were not timely disclosed ("Category 5");

6. Argument that Carnival's internal flooring standards created a heightened standard of care ("Category 6");

7. Evidence or argument that Carnival's crewmembers wear slip resistant footwear ("Category 7");

8. Evidence that Plaintiff missed work or has had limited work capacity as a result of the subject incident ("Category 8");

9. Argument that the jury should draw any inference against Carnival because it no longer has records regarding cleaning of the subject floor prior to the subject incident ("Category 9");

10. Evidence or argument regarding Plaintiff's financial need or the parties' relative economic standing ("Category 10");

11. Testimony or argument regarding Carnival's status as a foreign corporation ("Category 11");

12. Evidence of any damages that were not timely disclosed in discovery ("Category 12");

13. Should Plaintiff introduce evidence of the total amount of his medical bills, Carnival must be permitted to introduce evidence of the total amount paid in satisfaction of those bills ("Category 13");

14. Discussion of legal standards during attorney voir dire ("Category 14");

15. Evidence or argument that Carnival has insurance or protection and indemnity coverage that may be available to satisfy a judgment ("Category 15");

16. Evidence of other unrelated verdicts against Carnival or settlements in other cases ("Category 16");

17. Argument to the jury that they should "send a message" to Carnival with their verdict ("Category 17");

18. Argument by Plaintiff's counsel about their personal knowledge of the facts or justness of Plaintiff's claims ("Category 18"); and

19. Any "Golden Rule" arguments to the jury ("Category 19").

See Defendant's Motion in Limine [D.E. 96].

At the Hearing, Defendant acknowledged that Categories 3, 4, and 5 were addressed by the undersigned's *Daubert* Order [D.E. 149]. Additionally, Plaintiff stated that he does not oppose Defendant's Motion in Limine with respect to Categories 9, 10, 11, 12, 15, 16, 17, 18, and 19. Therefore, the undersigned recommends that Defendant's Motion in Limine be denied as moot as to Categories 3, 4, and 5 and be granted as to Categories 9, 10, 11, 12, 15, 16, 17, 18, and 19.

As to Category 1, Defendant challenges the admissibility of four (4) YouTube videos depicting a "Quest" game, which Plaintiff's expert, Mr. Frank Fore ("Mr. Fore"), relied upon in rendering a portion of his expert report. See Defendant's Motion in Limine [D.E. 96 at 2]. Defendant argues that these videos are "unauthenticated, irrelevant, unduly prejudicial, and likely to mislead the jury." Id. Defendant further argues that "[t]he videos do not depict the subject game, or the subject vessel, and two of them are not of Carnival vessels at all" and that "[t]he videos include commentary and audio overdubbing of unidentified persons who are not witnesses to the events at issue." Id. at 5. At the Hearing, Plaintiff argued that the videos (1) have impeachment value and (2) provide the jury with a visualization of the scavenger hunt game at issue in this case. However, the undersigned concludes that, while Plaintiff may seek to introduce the YouTube videos at trial for rebuttal or impeachment purposes, they are inadmissible during Plaintiff's case-in-chief because of their unreliability and potentially misleading nature. See, e.g., Doe v. NCL (Bahamas) LTD., No. 11-22230-Civ, 2012 WL 12844743, at *2 (S.D. Fla. Nov. 27, 2012) (excluding videos of events "on

7

other vessels operated by [the defendant]" because they were "not relevant to the facts of the case and may misled [sic] the jury and cause a confusion of the issues").  Therefore, the undersigned recommends that Defendant's Motion in Limine be granted in part as to Category 1.

As to Category 2, Defendant argues that "[b]ecause there is no evidence that any prior incidents were substantially similar to Tundidor's incident, this evidence should be excluded." See Defendant's Motion in Limine [D.E. 96 at 5].  However, "[i]t will be up to the jury to determine whether the other incidents are sufficiently similar to [Tundidor's] to constitute constructive notice", as "informed by an appropriate jury instruction".  Kroll v. Carnival Corp., No. 19-23017-CIV, 2021 WL 8323589, at *1 (S.D. Fla. Nov. 2, 2021).  Therefore, the undersigned recommends that Defendant's Motion in Limine be denied without prejudice as to Category 2, subject to an appropriate jury instruction at trial.

As to Category 6, Defendant contends that it would be unfairly prejudiced if Plaintiff were permitted to "introduce evidence regarding current and previous internal flooring standards created by [Defendant] in the ordinary course of its business" as evidence of its alleged negligence in this case.  See Defendant's Motion in Limine [D.E. 96 at 12].  At the Hearing, Plaintiff argued that evidence of Defendant's internal flooring standards is probative as to both notice and standard of care in determining negligence.  However, to prevent the jury from conflating Defendant's internal policies with the applicable standard of care, the undersigned recommends that Defendant's Motion in Limine be granted as to Category 6, on the issue of standard of care only, and be otherwise denied on the issue of notice.

As to Category 7, Defendant similarly argues that Plaintiff should be precluded from introducing evidence or argument that Defendant "requires some of its crewmembers to wear

8

slip resistant footwear . . . to suggest that the standard of care required [Defendant] to either require or suggest that guests such as [Tundidor] also wear slip resistant footwear, and that its failure to do so constituted negligence." Id. at 13. The undersigned likewise recommends that Defendant's Motion in Limine be granted as to Category 7, on the issue of standard of care only, and be otherwise denied on the issue of notice, subject to a potential limiting instruction at trial to mitigate the jury's potential extrapolation of this crewmember requirement to passengers.

As to Category 8, Defendant contends that, as a corollary to Plaintiff's Category 3, Plaintiff should be precluded "from introducing evidence that he missed work or that his capacity to work has been diminished as a result of the incident." Id. at 13–14. At the Hearing, Plaintiff clarified that this evidence would bear on his pain and suffering after the incident, as he is not seeking damages for lost wages or lost earning capacity. Therefore, the undersigned recommends that Defendant's Motion in Limine be denied as to Category 8 on the issue of pain and suffering only.

As to Category 13, Defendant requests "a ruling allowing the jury to be presented with all relevant evidence in determining the reasonable value of the medical services rendered." Id. at 17 (quotation marks and citations omitted). Defendant argues that "if Plaintiff introduces amounts as to the total medical charges charged by his medical providers, Defendant should be allowed to introduce evidence as to the amounts paid in full satisfaction of those bills." Id. At the Hearing, Defendant stated that the record contains evidence of medical claims submitted to an insurance provider by Plaintiff after the date of the incident and argued that it should not be foreclosed from introducing this evidence at trial. See Bill from Blue Cross and Blue Shield of Florida [D.E. 116-1]. In response, Plaintiff stated that

his claim for damages does not include any amount billed to Blue Cross and Blue Shield of Florida and confirmed that he would not introduce this evidence [D.E. 116-1] at trial. Accordingly, the undersigned recommends that Defendant's Motion in Limine be denied as moot as to Category 13, pursuant to Plaintiff's agreement.

Finally, as to Category 14, the parties stated that this request is unopposed, except for carving out voir dire questions about the difference between the burdens of proof in civil and criminal cases. Therefore, the undersigned recommends that Defendant's Motion in Limine as to Category 14 be granted, subject to this limitation.

## **RECOMMENDATION**

In accordance with the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that:

1. Plaintiff's Motion in Limine [D.E. 92] be

    ➢ GRANTED IN PART as to Category 3;

    ➢ GRANTED as to Categories 7 and 8 unless Plaintiff opens the door at trial;

    ➢ DENIED AS MOOT as to Categories 1, 2, 4, 5, 6, and 9; and

    ➢ DEFERRED to trial as to Category 10.

2. Defendant's Motion in Limine [D.E. 96] be

    ➢ GRANTED as to Categories 9, 10, 11, 12, 14 (as limited), 15, 16, 17, 18, and 19;

    ➢ GRANTED IN PART as to Categories 1, 6, 7, and 8;

    ➢ DENIED without prejudice as to Category 2; and

    ➢ DENIED AS MOOT as to Categories 3, 4, 5, and 13.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date

of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers in Miami, Florida, on this 23rd day of January, 2023.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Counsel of Record